**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

MATTHEW JAMES GRIFFIN,

Plaintiff,

vs. No. 1:25-cv-175-KWR-DLM

ALISHA TAFOYA LUCERO, *et al.*,

Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff Matthew James Griffin's Amended Prisoner's Civil Rights Complaint, filed March 11, 2025. (Doc. 3) (Amended Complaint). Plaintiff is incarcerated and proceeding *pro se* and *in forma pauperis*. Also before the Court is Plaintiff's Motion for Extension of Time to Pay Filing Fee. (Doc. 9). Having reviewed Plaintiff's claims and the relevant law pursuant to the screening requirements of 28 U.S.C. § 1915, the Court will grant Plaintiff's Motion for Extension of Time to Pay Filing Fee, dismiss the Amended Complaint, and grant Plaintiff leave to amend.

**I. Motion for Extension of Time to Pay Filing Fee**

On August 8, 2025, the Court granted Plaintiff's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915, assessed an initial partial payment, and ordered Plaintiff to make monthly payments of twenty percent of the preceding month's income credited to his inmate account. (Doc. 7). In his Motion for Extension of Time, Plaintiff seeks a 60-day extension to make his initial payment. (Doc. 9). The docket reflects that Plaintiff has paid the filing fee as ordered. *See*

(Docs. 8, 10, and 11) (receipts of Plaintiff's payments). The Court therefore grants Plaintiff's Motion for Extension of Time and finds that Plaintiff's payments are timely.

## II. Background

Plaintiff brings claims under 42 U.S.C. § 1983 alleging rejection of periodicals and mail in violation of his constitutional rights. *See* (Doc. 3). His claims are difficult to discern, but he appears to allege that sometime in 2022, he was prevented from receiving newspapers, magazines, and mail. *Id.* at 5-28. Plaintiff also appears to bring claims under the Americans with Disabilities Act and the Rehabilitation Act. *Id.* at 28-29. He names as defendants multiple New Mexico Corrections Department (NMCD) employees and contractors. *Id.* at 1-4.

## III. Analysis

Under the Prison Reform Litigation Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A(a). Under § 1915A(b), the Court must dismiss a civil action *sua sponte* if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). To avoid dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is proceeding *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Nevertheless, the Court is not obligated to craft legal theories for the plaintiff, and it is not the "proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

Plaintiff's Amended Complaint does not survive initial review. As an initial matter, it does not comply with the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a short and plain statement of the grounds for relief, and "[i]t is not the role of … the court … to sort through a lengthy … complaint and voluminous exhibits … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). Moreover, plaintiffs are not permitted to file "kitchen-sink" or "shotgun" pleadings, which "bring[] every conceivable claim against every conceivable defendant." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (unpublished); *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Shotgun pleadings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young*, 2012 WL 4211669,

at *3; *see also Pola v. Utah*, 458 Fed. App'x. 760, 762 (10th Cir. 2012) (affirming dismissal of a complaint that was "incoherent, rambling, and include[d] everything but the kitchen sink").

Even liberally construing Plaintiff's filings, the Court cannot discern what legal theory Plaintiff wishes to pursue against whom. Book denials can give rise to a claim under 42 U.S.C. § 1983 and the First Amendment right to receive information. *See Jacklovich v. Simmons*, 392 F.3d 420, 426 (10th Cir. 2004) ("Inmates have a First Amendment right to receive information while in prison," including books, "to the extent the right is not inconsistent with prisoner status or the legitimate penological objectives of the prison."); *Whitehead v. Marcantel*, 766 F. App'x 691, 696 (10th Cir. 2019) (addressing First Amendment violation stemming from a book denial). To succeed on a claim for non-delivery of mail, "an inmate must include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests." *Khan v. Barela*, 808 Fed. App'x 602, 607 (10th Cir. 2020) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1187-88 (10th Cir. 2010)) (further explaining that "a prisoner claim may not be plausible unless it alleges facts that explain why the usual justifications for the complained-of acts do not apply"). Here, however, the Court cannot adequately analyze Plaintiff's claims because he does not specify the dates of the alleged violations and does not tie his allegations to specific Defendants. He also does not allege facts that explain why the actions of which he complains were not reasonably related to legitimate penological interests.

## IV. Plaintiff May File an Amended Complaint

Based on the foregoing, the Court will dismiss the Amended Complaint (Doc. 3) without prejudice for failure to conform to Rule 8(a) and for failure to state a cognizable claim under Rule 12(b)(6). The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law."

*Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Plaintiff may file a single amended complaint within thirty (30) days of entry of this Order. The amendment must not exceed 30 pages in length. Plaintiff is advised that he must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. Moreover, "a successful § 1983 complaint must make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). "Collective allegations" regarding the alleged wrongdoing will not meet this standard. *Id.* Plaintiff is further advised that any amendment will supersede the Amended Complaint and must include all federal and state claims he wishes to pursue in this case. If Plaintiff fails to timely amend his complaint as set forth above, the Court may dismiss all federal Section 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any state law claims; and dismiss all state law claims without prejudice for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time to Pay Filing Fee (**Doc. 9**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Prisoner's Civil Rights Complaint (**Doc. 3**), is **DISMISSED without prejudice** and Plaintiff is granted leave to file a single, amended pleading, as set forth above, within thirty (30) days of entry of this Order.

/S/
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE